### BOYNTON *v.* THUNDERBOWL RECREATION OF ALPENA, INC.

NEGLIGENCE—LANDLORD AND TENANT—LANDLORD'S LIABILITY.
　　Judgment against tenant in action by plaintiffs for personal injuries suffered on leased premises *held,* to require remand for further proceedings to find facts on two questions not previously considered: (1) whether landlord may have been negligent and (2) whether dangerous condition of doorway on which plaintiff was injured would render landlord liable for a nuisance in fact.

Appeal from Alpena, Miller (Allan C.), J.   Submitted Division 3 June 6, 1968, at Grand Rapids. (Docket No. 4,183.)   Decided September 26, 1968.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 974,

Complaint by LeRoy H. Boynton, Sr., and Alza M. Boynton against Thunderbowl Recreation of Alpena, Inc., a Michigan corporation, and William E. Denstaedt for damages for personal injury and medical expenses. Judgment for plaintiffs against defendant Denstaedt and in favor of defendant Thunderbowl Recreation. Defendant Denstaedt appeals. Remanded for further proceedings.

*Richard A. Collins,* for plaintiffs.

*Henry, Knapp & Boyce,* for defendant Thunderbowl Recreation.

*Clare L. Gillett* and *Wayne Richard Smith,* for defendant Denstaedt.

McGregor, P. J. Plaintiff, a business invitee, was injured on February 5, 1966, upon leaving a restaurant owned by Denstaedt who leased the building space from Thunderbowl. The injury was caused by an ice accumulation which formed at the base of a wind screen, constructed at the tenant's request, to protect a glass door. The municipal court gave plaintiff a judgment for damages against the landlord.

Appeal to the circuit court, sitting without a jury, resulted in a decision vacating the judgment of the municipal court and granting damages for plaintiff against tenant on a negligence theory.

The fact situation presents two additional questions: (1) notwithstanding a hold-harmless agreement between the landlord and tenant, whether the landlord was negligent, and (2) whether the landlord was liable for a nuisance in fact, in light of the surrounding circumstances represented by the dangerous condition of the doorway area. *Bluemer*

v. *Saginaw Central Oil & Gas Service* (1959), 356 Mich 399.

The matter is remanded for further proceedings, so that the lower court may answer the above questions.

HOLBROOK and C. KAUFMAN, JJ., concurred.